UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD W. KAY and DEANA D. KAY, husband and wife, | ) ) ) | CIV. 07-5091-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |
| LAMAR ADVERTISING OF SOUTH DAKOTA, INC., a South Dakota corporation, and CODY P. BURTON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**INTRODUCTION**

Plaintiffs Richard and Deana Kay bring this negligence action against defendant Lamar Advertising of South Dakota, Inc. ("Lamar") and Cody Burton for injuries arising from a motor vehicle collision. Defendants deny liability and assert a counterclaim against Richard Kay, asserting that Mr. Kay was himself contributorily negligent more than slight. Jurisdiction is founded on the diverse citizenship of the parties and an amount in controversy of at least $75,000. See 28 U.S.C. § 1332.

On July 28, 2008, plaintiffs served defendants with 24 requests for admission pursuant to Fed. R. Civ. P. 36. On August 27, 2008, defendants filed responses to those requests in which they uniformly refused to either admit or deny each request. Plaintiffs then filed a motion to compel defendants

to admit or deny the requests or, in the alternative, for an order deeming the requests admitted. The district court, the Honorable Karen E. Schreier, Chief Judge, referred this motion to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A).

## FACTS

The facts, insofar as they are pertinent to the pending motion, are as follows. Mr. and Mrs. Kay were injured on July 19, 2006, when they collided with a boom truck driven by defendant Cody Burton, an employee acting within the scope of his employment with Lamar. The Kays were riding on a motorcycle at the time.

Plaintiffs aver, and defendants do not deny, that they have provided to defendants the plaintiffs' complete medical records for injuries and medical treatment they claim were caused by this accident. In addition, the plaintiffs provided the defendants with affidavits signed by each of them asserting the amount of medical expenses they claim were reasonably and necessarily incurred by the plaintiffs due to the injuries sustained in the accident.

Defendants, in turn, make their own undisputed averment that they are missing many of the source documents which establish proof of the plaintiffs' medical expenses, and that they requested these missing documents from plaintiffs by letter on May 13, 2008. Defendants assert, and plaintiffs have not

denied, that those requests for additional categories of medical bills have not yet been provided.

Plaintiffs' requests for admissions fall into three categories: (1) requests that defendants admit that certain injuries were sustained by each plaintiff as a result of the accident; (2) requests that the defendants admit that plaintiffs were charged a specified sum as medical expenses as a result of the treatment they received for the injuries they sustained in the accident; (3) requests that the defendants admit that the specified medical charges were necessary; (4) requests that the defendants admit that the specified medical charges were reasonable.

As to each and every request to admit, the defendants responded by stating that they were "without sufficient information, knowledge, and experience" to be able to answer the request and therefore "cannot admit or deny those matters set forth" in the particular request. As to each refusal to admit or deny, the defendants provided an additional statement setting forth why they believed they could neither admit or deny the request.

Plaintiffs certify in their motion to compel that they conferred in good faith by telephone with defendants in an unsuccessful attempt to resolve this discovery dispute before filing the present motion.

**DISCUSSION**

**A.  Scope of Rule 36**

Rule 36 of the Federal Rules of Civil Procedure allows one party to serve another party with requests to admit certain things. See Fed. R. Civ. P. 36. The rule is "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties ***or can be ascertained by reasonable inquiry***." United States v. Schiefen, 926 F. Supp. 877, 883 (D.S.D. 1995) (quoting 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, § 2252 (2d ed. 1994) (emphasis supplied).

Rule 36 provides in pertinent part as follows:

(a) **Scope and Procedure**

> (1) ***Scope***. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.
>
> . . . .
>
> (4) ***Answer***. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and

>qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only*** if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
>. . . .
>
>(6) ***Motion Regarding Sufficiency of an Answer or Objection***.  The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  The court may defer its final decision until a pretrial conference or a specified time before trial.  Rule 37(a)(5) applies to an award of expenses.

See Fed. R. Civ. P. 36(a) (emphasis supplied).

The scope of Rule 36 is limited to those matters which are (1) within the scope of Fed. R. Civ. P. 26(b)(1); and (2) relate to a fact, the application of law to fact, opinions about either, or to the genuineness of a document.  See Fed. R. Civ. P. 36(a)(1)(A), (B).  The scope of Rule 26(b)(1) is broad:

>Unless otherwise limited by a court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

See Fed. R. Civ. P. 26(b)(1). Therefore, requests to admit can be served regarding any matter that is relevant to any party's claim or defense so long as the request relates to a fact, application of law to a fact, opinions about either, or the genuineness of a document. See Fed. R. Civ. P. 36(a)(1).

If the subject matter of a request to admit is proper under Rule 36(a)(1), and the responding party does not admit the request, the responding party must explain *in detail* why it cannot admit the request. See Fed. R. Civ. P. 36(a)(4). If the responding party can affirmatively admit or deny part of a request, he must do so, and then explain–in detail–why he cannot admit the remaining part of the request. Id. Finally, the responding party may not refuse to admit or deny on the basis that it lacks the knowledge to be able to do so unless the responding party also states that it has made reasonable inquiry and was unable to obtain the information that would enable it to admit or deny. Id.

If a party who has served requests to admit is required to file a motion to compel in order to obtain answers to the requests, the provisions of Rule 37(a)(5) are applicable. See Fed. R. Civ. P. 36(a)(6). Rule 37(a)(5) states that if the court grants a motion to compel, or if the requested discovery is provided after a motion to compel has been filed, "the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to

pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." See Fed. R. Civ. P. 37(a)(5) (emphasis supplied). The award of expenses is mandatory unless the court finds that the moving party failed to confer in good faith with the responding party prior to filing the motion, the responding party's refusal to respond was substantially justified, or other circumstances make an award of expenses unjust. Id.

With these guidelines in mind, the court turns to an analysis of the requests to admit served by the plaintiffs on defendants in this case.

**B.   Requests to Admit Plaintiffs' Injuries**

Plaintiffs' requests to admit numbers 5 through 12, and 17-21, inclusive, are requests that defendants admit that plaintiffs sustained various injuries as a result of the accident. The specific described injuries as to Mr. Kay are: a grade 3-B open right distal femur fracture with comminuted fractures of both femoral condyles; a near-amputation of his right leg; a right medial meniscal tear; a right proximal tibia and fibula chip fractures; right knee articular cartilage damages; a nondisplaced right zone 2 and 3 sacral fractures; fractures of his fourth and fifth ribs; and a circumferential right knee laceration.

The specific injuries described as to Mrs. Kay are: a right humerus fracture; a right femur fracture; a right fibula fracture; and a skull fracture with acute epidural hematoma. Additionally, request to admit number 21 asks

defendants to admit that Mrs. Kay "developed right arm radial nerve palsy" as a result of the accident.

As to each of these requests to admit concerning the fact of a particular injury, defendants responded that they were without sufficient information, knowledge, and experience to be able to admit or deny the request. Defendants further explained that:

> The Defendants cannot reasonably obtain information to determine whether or not the injury identified in this request was a result of the subject accident. To the extent that the Plaintiffs had identified a particular page among the 2,249 pages of medical records and asked the Defendants to admit that a person with medical training and experience had made such a diagnosis that could have been admitted, however, based upon the manner in which the request was made, Defendants do not have that ability.

With the exception of request to admit number 21, each of the requests to admit concern serious injuries that were found immediately following the accident and for which plaintiffs have provided defendants with all relevant medical records. Plaintiffs even indicated to defendants where to find the specific supporting documentation for the injury described in each request to admit.

This case is very similar to that described in Johnson International Co. v. Jackson Nat'l. Life Ins. Co., 812, F. Supp. 966 (D. Neb. 1993), aff'd in part and remanded on other grounds, 19 F.3d 431 (8th Cir. 1994). At issue in the Johnson case was a "key man" life insurance policy that Johnson International had purchased from Jackson National Life on Johnson's employee, Warford.

Id. Jackson attempted to avoid payment of policy benefits by alleging that Warford had a pre-existing heart condition which was not disclosed on the policy application. Id.

During the discovery phase of the litigation and after providing all of Warford's medical records and prescription records to Johnson, Jackson served Johnson with requests to admit: (1) that Warford had suffered a myocardial infarction in 1978 that was not disclosed on the life insurance application; (2) that Warford had been treated for a heart attack; (3) that Warford filled prescriptions for nitroglycerin on four specific dates; and (4) that Warford had died of an acute myocardial infarction in Taiwan. Id. 985-986. Johnson refused to admit any of these requests, instead responding that it could neither admit nor deny the requests and noting that it could not ascertain the truth, completeness, or accuracy of the medical records. Id. at 986.

In the pretrial conference order, after Jackson had already expended time, expense and effort in marshaling the proof of those matters covered by the requests to admit, Johnson finally admitted that Warford previously suffered a heart attack and that he had died of a heart attack in Taiwan. Id. at 987. Johnson never filed amended answers to the requests to admit that Jackson had served on it. Id. In addition, Johnson continued to refuse to admit that Warford had filled prescriptions for nitroglycerine. Id. After the trial, the district court granted sanctions against Johnson's *attorneys* for

unjustified refusal to admit the various requests for admission that had been served on Johnson. Id. at 987-988.

The fact that Johnson finally admitted some of the requests to admit at the pretrial conference did not save Johnson from sanctions. Id. Rather, the court noted that the purposes of Rule 36 would be frustrated if a party could unjustifiably refuse to admit a fact, put the opposing party to the expense of marshaling the proof for that fact for trial, and only then admitting the fact on the eve of trial. Id. Rule 36, the court noted, was designed to save parties from having to expend time and money proving facts which are readily ascertainable by the other party and not reasonably capable of dispute. Id.

Because the medical and prescription records were in Johnson's possession, the court held that, "[c]learly, the ability to ascertain the truth was reasonably within Johnson's power. . . . A phone call to [the previous owner of the pharmacy where Warford had filled his nitroglycerine prescriptions] or the man who purchased the drugstore from him would have confirmed the authenticity of the underlying documents." Id. at 989. The court went on to note that, "[i]f Johnson had any real concerns (such as whether there was more than one prescription, whether there were refills, whether there were telephone prescriptions, or whether Warford, as opposed to someone else, had 'filled' the prescriptions), it could have qualified its answer. As noted previously, Rule 36(a) specifically provides that 'when good faith requires that a party qualify an

answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.'" Id.

The court concluded that Johnson's refusal to admit the requests was without any reasonable grounds and awarded sanctions against Johnson's attorneys. Id. On appeal, the Eighth Circuit affirmed the award of sanctions, rejecting the argument that sanctions could be awarded only against parties and not against attorneys. Johnson Internat'l Co., 19 F.3d at 438-439. The Eighth Circuit stated that, "[b]y failing to admit such basic facts as Warford's 1978 heart problems, of which they had full knowledge prior to trial, [Johnson's attorney] and Johnson International clearly added unnecessary delay and expense to the litigation." Id. at 439.

The facts of the Johnson case parallel the facts here: both parties were provided with the complete medical records which formed the basis for the requests to admit. Both parties refused to admit or deny, refusing even to admit partially.

Mr. and Mrs. Kay's injuries in this case are of such a nature that no one could reasonably conclude that they were pre-existing injuries from before the collision with defendants (e.g. one would not walk around with a fractured pelvis or a fractured skull with hematoma, nor would one drive a motorcycle with a nearly-amputated leg), nor could anyone conclude that the injuries were

11

incurred after the accident and before the Kays arrived at the emergency room as there is no event which intervened which was of such a nature that it could have caused such severe injuries.  In short, having the medical records at their disposal, defendants may freely dispute the *legal liability* for the injuries described in request numbers 5-12 and 17-20, but there appears to be no reasonable basis to dispute *the fact* of the injuries themselves.  The court finds that the defendants' response to requests to admit 5-12 and 17-20 to be unreasonable and misplaced.

The court does not reach the same conclusion as to request to admit number 21, concerning a condition Mrs. Kay apparently "developed" some time other than immediately following the accident.  A lay person, or a lawyer for that matter, may be unable to reach a determination on his or her own whether Mrs. Kay's "right arm radial nerve palsy" was a "result of the accident." However, that does not let defendants "off the hook."

Rule 36(a)(4) requires the responding party, before it gives the answer "I don't know," to state that it has made reasonable inquiry to attempt to find out the answer to the request to admit and that it still cannot admit or deny the question after having sought information readily available to it.  Defendants have not complied with this directive from Rule 36(a)(4).  In this case, information readily available to defendants includes medical opinions from plaintiffs' treating physicians, medical opinions from defense experts, and

authoritative medical writings available at libraries and on the internet. The court is sure that counsel's ingenuity extends to encompass many other sources of information not here listed.

Illustrative of a responding party's duty under Rule 36 to seek out information readily available to it is the case of Lumpkin v. Meskill, 64 F.R.D. 673 (D. Conn. 1974). The Lumpkin case was a school desegregation case. Id. at 674-675. One important issue in the case was the racial balance of the Hartford school system from 1950 to 1974, which was complicated by the fact that Hartford had not maintained any statistics on racial balance from 1950 to 1964. Id. Plaintiffs hired an expert who employed a random sampling technique in order to arrive at an accurate approximation of the racial composition of the Hartford schools. Id. at 675. Plaintiffs then served the state of Connecticut with requests to admit regarding the expert's report that was divided into three parts: (1) a request to admit that the method employed by the expert was valid; (2) a request to admit that the application of the method by plaintiff's expert to the facts in the case was valid; and (3) a request to admit that the results obtained by plaintiff's expert were valid. Id. The state refused to admit or deny the requests. Id. at 676.

The court in short order determined that defendant's response to the first two requests to admit was unfounded and deemed the requests admitted. Id. at 678. As to the third, the court noted that the state indicated it would not

admit that the plaintiff's expert's results were valid because the state did not understand why the expert had sampled only 17 of the 30 schools in Hartford and the state did not know the degree of supervision exercised by plaintiff's expert over the students who actually did the field research. Id. Although the court found the state's concerns to be "valid," it nevertheless concluded that the state had failed to discharge its duties under Rule 36 to consult information readily available to it in an attempt to either admit or deny the request. Id. at 678-679. For example, the court held that a "reasonable inquiry" would include taking the deposition of plaintiff's expert, inspecting the expert's field notes and working papers, and consulting the state's own experts. Id. at 679. The court ordered the defendant to make reasonable inquiry as explained in its opinion and then to file amended responses to plaintiff's requests. Id. at 680.

    This court accordingly grants Mr. and Mrs. Kay's motion to compel the defendants to provide amended responses to request to admit numbers 5-12 and 17-21. The court directs the defendants to make a reasonable effort to consult information readily available to them which would enable defendants to either admit or deny the Kays' requests. If, after making such inquiry, defendants still cannot admit or deny a request, then defendants must: (1) describe with particularity what steps they took to attempt to obtain the information which would enable them to admit or deny, (2) describe what

information they obtained after taking these reasonable steps, and (3) state why the information readily available to defendants did not enlighten them such that they could either admit or deny the requests. If defendants are able to in good faith admit part of a request, they must do so and then explain why they are unable to admit the remainder of the request.

**C.     Requests to Admit the Fact of Plaintiffs' Medical Expenses**

Plaintiffs' request for admission numbers 1 and 13 make reference to an Exhibit A and B, respectively. Apparently, Exhibits A and B are affidavits executed by each plaintiff attesting to a specific dollar figure in regard to that plaintiff's medical expenses. Requests number 1 and 13 ask defendants to admit that the amounts listed in the two exhibits were "actually charged" to the plaintiffs. Neither party has placed either Exhibit A or B before the court, so those documents were not reviewed in reaching this opinion.

Defendants state, and plaintiffs apparently do not dispute, that defendants have not been given all of plaintiffs' medical billing records. That concession does not end the question, however. Request numbers 1 and 13 simply ask defendants to admit that the amounts in affidavits A and B were actually charged to plaintiffs. To the extent that defendants have copies of some of plaintiffs' medical bills, it would appear to the court that defendants could partially admit that portion of requests 1 and 13 covered by the medical bills defendants *do* have. Defendants provide no explanation for why they

15

cannot admit the portions of 1 and 13 that they are able to verify with records currently in their possession.  Accordingly, the court finds that defendants have not fulfilled their duties under Rule 36(a)(4).  Therefore, the court will direct defendants to file amended answers to requests to admit number 1 and 13.

### D. Requests to Admit Causation of Medical Expenses, and the Reasonableness and Necessity of Plaintiff's Medical Expenses

Plaintiffs' request to admit numbers 2, 3, 4, 14, 15, and 16 contain requests that defendants admit (1) that the medical expenses referenced in request to admit numbers 1 and 13 were causally related to the accident with defendants, (2) that the medical expenses referenced in requests 1 and 13 were reasonable amounts, and (3) that the medical expenses referenced in requests 1 and 13 were necessary due to the injuries plaintiffs sustained in the accident with defendants.

Again, defendants categorically refuse to either admit or deny any of these requests.  What is missing from defendants' responses is (1) a detailed description of what steps they took to attempt to obtain the information which would enable them to admit or deny, (2) a description of  what information they obtained after taking these reasonable steps, and (3) and a statement as to why the information readily available to defendants did not enlighten them such that they could either admit or deny the requests.  See Fed. R. Civ. P. 36(a)(4).

The court grants plaintiffs' request to compel defendants to provide amended answers to requests to admit 2-4, and 14-16.  In those answers, the defendants must either admit or deny the requests, admit partially, or, in the alternative, provide the three-part information referenced above regarding their attempts to consult information reasonably available to them in order to formulate an admission or denial and the reason why they are still unable to admit or deny, even partially.

## CONCLUSION

The court grants plaintiffs' motion to compel in accordance with the above opinion.  Defendants shall serve amended responses to all of plaintiffs' requests to admit within 20 days of this order.  Such amended responses shall conform to Fed. R. Civ. P. 36(4).

## ORDER TO SHOW CAUSE

In accordance with Fed. R. Civ. P. 37(5)(a), the court hereby gives notice to defendants of its intent to award plaintiffs their costs and attorney's fees associated with this motion to compel.  If defendants are aware of any reason why such costs should not be awarded pursuant to Rule 37(5)(a), they may file a brief addressing those reasons within 10 days of this order.  Plaintiffs shall have 10 days thereafter to respond to defendants' brief.  Defendants shall file a reply, if desired, 5 days after plaintiffs' brief.

In the event defendants do not contest the awarding of such expenses, plaintiffs shall file a request for expenses and documentation supporting that request within 15 days of this order. Defendants will be given the opportunity to contest *the amount* of expenses requested by plaintiffs, even if defendants concede the fact that plaintiffs are entitled to expenses under Rule 37. The parties are free, of course, to resolve the issue of expenses due on this motion to compel by mutually stipulating to a particular resolution of the issue.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections. Id. Objections must be timely and specific in order to require review by the district court.

Dated December 12, 2008.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE