UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
AUG 1 7 2009
CLERK

| | | |
|---|---|---|
| RICHARD W. KAY and<br>DEANA D. KAY, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>LAMAR ADVERTISING OF SOUTH<br>DAKOTA, INC., a South Dakota<br>corporation, and<br>CODY P. BURTON,<br><br>Defendants/<br>Counter-claimants,<br><br>vs.<br><br>RICHARD W. KAY,<br><br>Counter-defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 07-5091-KES<br><br><br><br><br><br>ORDER DENYING<br>DEFENDANT'S MOTION TO<br>LIMIT NUMBER OF<br>PLAINTIFFS' EXPERT<br>WITNESSES |

Defendants, Lamar Advertising of South Dakota and Cody Burton, move in limine to limit to one the number of expert witnesses offered at trial by plaintiffs, Richard Kay and Deana Kay, pursuant to Rule 403. This motion is denied.

**BACKGROUND**

Plaintiffs identified three potential accident reconstruction experts in their Fed. R. Civ. P. 26(a)(2) disclosure statement. These three experts submitted their reports and analyses. The experts were later deposed by

defendants. Defendants now move in limine to limit, under Rule 403, plaintiffs' ability to call more than one of these three experts at trial. The basis for defendants' motion is that more than one expert would waste the court's time and be needlessly cumulative. Defendants claim that each expert uses similar techniques to arrive at similar conclusions on the same subject matter. Plaintiffs oppose defendants' motion and stipulate that they only intend to call two of the three identified experts: Jubal D. Hamernik, Ph.D. and John Hunter.

**DISCUSSION**

The party seeking to exclude relevant evidence on the basis of Rule 403 must demonstrate that the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. Evid. 403. First, the probative value of the offered evidence will be discussed. Second, the relevant factors relied on by defendants for excluding the evidence will be addressed. Finally, these two competing aspects will be balanced against each other pursuant to Rule 403's "substantially outweighed" standard. See id.

A.  **Probative Value: Relatedness to the Issue and Credibility**

Evidence pertaining to the claims to be decided by the fact-finder is highly probative. Plaintiffs allege defendants were negligent in the operation of its vehicle. Defendants deny any negligence on their part and assert several

2

affirmative defenses. Defendants also assert a counterclaim against plaintiff Richard Kay claiming he was negligent in the operation of his motorcycle. Plaintiffs intend to call the experts to testify about those specific claims. Thus, the experts' testimony is highly probative.

There is an additional aspect of the experts' testimony that relates to the evidences' probative value: the experts' experience, credentials, and credibility. "An expert's experience and credentials are properly taken into account by jurors when determining how much weight to give the expert's testimony. The past experience of expert witnesses properly influences the weight the testimony should receive." United States v. Rutland, 372 F.3d 543, 546 (3d Cir. 2004) (internal citations omitted).

Here, the two experts come from different backgrounds in terms of experience and credentials. Jubal D. Hamernik's credentials include receiving a Ph.D. in civil engineering and being a member of the National Association of Professional Accident Reconstruction Specialists. John Hunter's credentials include teaching braking technique, investigation of motorcycle accidents as a patrolman, and 20 years of experience with riding motorcycles. These differing backgrounds could have a reasonable impact on how the jury views the credibility of each expert witness. See id.

## B. Considerations: Cumulative Evidence and Waste of Time

Defendants contend that hearing evidence from two experts would result in the "needless presentation of cumulative evidence" and "waste of time." These two considerations will be analyzed below.

As to the consideration of cumulative evidence, defendants contend that the two experts used similar methods to arrive at similar conclusions on the same issue. This evidence may be cumulative, but defendants have not shown the testimony to be a "*needless* presentation of cumulative evidence." See Fed. R. Evid. 403 (emphasis added). Defendants have not stipulated to the experts' conclusions. Their testimony is not about an ancillary matter. Their testimony pertains to the underlying issues before this court and is therefore not "needless."

Defendants also rely on the consideration of "waste of time." The concern of "waste of time" is certainly valid. It must be noted, however, that "waste of time" is the least persuasive reason for excluding evidence under Rule 403. See Fed. R. Evid. advisory committee's notes ("These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, *to nothing more harmful than merely wasting time, at the other extreme.*" (emphasis added)). Thus, "wasting time" is not as inherently persuasive as the other factors found in Rule 403. Id.

C. **Balancing Pursuant to "Substantially Outweighed" Standard**

The Federal Rules of Evidence favor the admissibility of relevant evidence. See Fed. R. Evid. 402 ("All relevant evidence is admissible . . ."); Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is *substantially outweighed* by the danger of . . . undue delay, waste of time, or needless presentation of cumulative evidence." (Emphasis added)). See also United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) ("Rule 403 'tilts, as do the rules as a whole, toward the admission of evidence in close cases[.]'") (quoting United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984)). This basic principle guides this court's application of the balancing test found in Rule 403.

The testimony is not needless, cumulative evidence as discussed above. Therefore, the only remaining factor weighing against the admission of the relevant evidence is "waste of time." The evidence will only be excluded under Rule 403 if the probative value of the evidence is substantially outweighed by the "waste of time."

In order for the "waste of time" factor to "substantially outweigh" relevant evidence, the probative value of the evidence balanced against it would have to be minimal. Here, the probative value of the experts' testimony is not minimal; it is substantial because it goes to the heart of the issues and is supported by different underlying credentials and backgrounds. The consideration of wasting time is insufficient to justify exclusion under Rule

5

403 in this case. Moreover, any waste of time that may occur does not "substantially outweigh" the probative value of the experts' testimony. Defendants' motion to limit plaintiffs' accident reconstruction experts to one expert is therefore denied.

It is hereby

ORDERED that defendants' motion in limine to limit plaintiffs' number of expert witnesses to one on the basis of Rule 403 (Docket 91) is denied.

Dated August 17, 2009.

BY THE COURT:

_____
KAREN E. SCHREIER
CHIEF JUDGE