UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD W. KAY and<br>DEANA D. KAY, husband and wife, | )<br>)<br>) | CIV. 07-5091-KES |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| LAMAR ADVERTISING OF SOUTH<br>DAKOTA, INC., a South Dakota<br>corporation, and<br>CODY P. BURTON, | )<br>)<br>)<br>)<br>) | ORDER TO EXCLUDE CERTAIN<br>STATEMENTS IN MEDICAL<br>RECORDS RELATING TO<br>SPEED |
| Defendants/<br>Counter-claimants, | )<br>)<br>) | |
| vs. | )<br>) | |
| RICHARD W. KAY, | )<br>) | |
| Counter-defendant. | ) | |

Plaintiffs, Richard Kay and Deana Kay, move in limine to preclude the introduction of statements pertaining to plaintiffs' speed, found in four exhibits, on the basis that such statements are hearsay and not within any exception. Alternatively, plaintiffs seek to exclude these statements on the basis that their probative value is substantially outweighed by unfair prejudice. Defendants, Lamar Advertising of South Dakota and Cody Burton, oppose the motions. For reasons stated below, plaintiffs' motion is granted as to Exhibit 3, Exhibit 2, and Exhibit 4. Plaintiffs' motion is

denied with respect to Exhibit 1. Each exhibit will be individually addressed.

**DISCUSSION**

**1. That the statement pertaining to plaintiffs' speed in Exhibit 3, the Initial Ambulance Report, be excluded.**

Plaintiffs argue the statement pertaining to plaintiffs' speed in Exhibit 3 is hearsay and not within any exception. Exhibit 3 is an ambulance report and states, "Chief Complaint: MCA–35-45 mph–hit by semi." Defendants respond by arguing the statement is admissible under Rule 613 as a prior inconsistent statement, or under Rule 801(d)(2)(A) as an admission by a party opponent. Alternatively, defendants argue the statement falls within an exception to the hearsay rule under 803(4) as a statement for purposes of medical diagnosis or treatment and 803(6) as a record of regularly conducted activity.

### A. Rule 613 and Rule 801(d)(2)(A)

In order for Rule 613 or Rule 801(d)(2)(A) to apply, the statement must be attributed to the party against whom it is being offered. See Fed. R. Evid. 613 (stating, "[i]n examining a witness concerning a prior statement *made by the witness*" (emphasis added)); Fed. R. Evid. 801(d)(2)(A) (stating, "the party's *own statement*, in either an individual or a representative capacity"(emphasis added)). Exhibit 3's statement, "35-45 mph," does not indicate the source of the statement. Defendants have not demonstrated, or

2

argued, that either plaintiff made the statement found in Exhibit 3. Thus, Rules 613 and 801(d)(2)(A) are not applicable with regard to Exhibit 3's statement because the source of the statement cannot be identified as belonging to either plaintiff.

**B.     Rule 803(4)**

A two-step analysis is required for purposes of determining whether the statement falls within Rule 803(4). See Roberts v. Hollocher, 664 F.2d 200, 204 (8th Cir. 1981). First, it must be shown that the "declarant's motive in making the statements [was] consistent with a desire to promote treatment." Id. Second, it must be shown that it was "reasonable for the physician to rely on the information in his diagnosis or treatment." Id.

This "two-part test flows naturally" from the "two independent rationales" underlying the existence of Rule 803(4). United States v. Iron Shell, 633 F.2d 77, 84 (8th Cir. 1980). The first requirement under Rule 803(4) "focuses upon the patient and relies upon the patient's strong motive to tell the truth because diagnosis or treatment will depend in part upon what the patient says." Id. at 83-84.

As noted above, the statement found in Exhibit 3 cannot be attributed to either plaintiff. The "strong motive to tell the truth," generally attributable to the patient's self-interest in receiving proper treatment, is absent. See Roberts, 664 F.2d at 204 (noting "the patient's strong

3

motivation to be truthful"); see also Iron Shell, 633 F.2d at 84. The first requirement, therefore, has not been satisfied. Stull v. Fuqua Indus., Inc., 906 F.2d 1271, 1274 (8th Cir. 1990) ("In the absence of any evidence attributing the statement to [plaintiff], the district court acted well within its discretion in excluding the hospital record."). There is no need to address the second element, which concerns itself with the doctor's reliance on the statement, because the first element has not been satisfied. Thus, Rule 803(4) does not allow for the admission of the statement in Exhibit 3.

**C.     Rule 803(6)**

Defendants are partially correct in pointing out that Exhibit 3 falls within Rule 803(6). While Rule 803(6) requires the record to be made by a "person with knowledge," this phrase "is not intended to imply that the party seeking to introduce the memorandum . . . must be able to produce, or even identify, the specific individual upon whose first-hand knowledge the memorandum . . . was based." Fed. R. Evid. 803(6) advisory committee's notes. Having shown that Exhibit 3 initially falls within Rule 803(6), the statements contained within the record are to be admitted unless "the party opposing the admission . . . establish[es] sufficient indicia of untrustworthiness." Shelton v. Consumer Prods. Safety Comm'n, 277 F.3d 998, 1010 (8th Cir. 2002).

4

Here, plaintiffs have met that burden. Rule 803(6) is premised on the understanding that statements in such records are deemed trustworthy on account of the reliability associated with the "systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation." Fed. R. Evid. 803(6) advisory committee's note. Plaintiffs correctly note that the source of the statement pertaining to plaintiffs' speed in Exhibit 3 has not been identified or explained in terms of how the declarant arrived at that statement. Without knowing the source of the statement, the trustworthiness normally associated with Rule 803(6) is absent.

The rationales of "systematic checking," "regularity and continuity which produce habits of precision," and "actual experience of business in relying upon them" are associated with the concept of routineness that is associated with business. Here, there is no evidence showing that the original statement at issue was given in a routine, business manner. As the notes to Rule 803(6) state, "[if] the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail." Fed. R. Evid. 803(6) advisory committee's notes.

The other rationale, a "duty to make an accurate record as part of a continuing job or occupation," would only be applicable if the statement originated from an employee charged with the duty to keep such records. See id. The source of the statement in Exhibit 3, however, is unknown. Thus, none of the rationales supporting the existence of Rule 803(6) are present with regard to the statement found in Exhibit 3. Plaintiffs have therefore shown that the statement in Exhibit 3 is untrustworthy because there is no evidence as to the source of the statement. Scheerer v. Hardee's Food Sys., Inc., 92 F.3d 702, 706 (8th Cir. 1996) ("In the absence of any evidence about the source of that information, we cannot test its reliability or trustworthiness."); Meder v. Everest & Jennings, Inc., 637 F.2d 1182, 1187 (8th Cir. 1981) (stating that where "there is a lack of evidence of the source of the testimony, it is inherently untrustworthy and must be kept out"). Thus, Rule 803(6) does not allow for admission of the statement.

Because the statement in Exhibit 3 is hearsay and does not fall within any exception to the hearsay rule, plaintiffs' motion for excluding Exhibit 3's statement, "35-45 mph," is granted.

**2. That the statement pertaining to plaintiffs' speed in Exhibit 2, the Emergency Department Consultation Report, be excluded.**

The same arguments discussed above with regard to Exhibit 3 were presented by both plaintiffs and defendants about Exhibit 2's statement relating to plaintiffs' speed. Exhibit 2 is a medical record of Rapid City

Regional Hospital, which states in the History of Present Illness section as follows: "The patient is a 42-year-old male who was, by report, riding his motorcycle with his wife on the back when a semi-truck pulled out in front of them and they hit it at about 35-45 miles an hour. By report, he had a loss of consciousness, but was wearing a helmet."

### A. Rule 613 and Rule 801(d)(2)(A)

The statement found in Exhibit 2 does not fall within Rule 613 or Rule 801(d)(2)(A) for the same reasons stated above: defendants have not demonstrated, or argued, that either plaintiff made the statement found in Exhibit 2. Thus, for the statement to be admissible, either Rule 803(4) or Rule 803(6) must apply.

### B. Rule 803(4)

With regard Rule 803(4), the two-step analysis discussed above applies. Iron Shell, 633 F.2d at 84. Exhibit 2's statement is not attributable to the plaintiff for whom the record was made. The "strong motive to tell the truth," which is attributable to the patient's self-interest, is absent with regard to Exhibit 2's statement at issue. See Roberts, 664 F.2d at 204 ("In light of the patient's strong motivation to be truthful . . ."); see also Iron Shell, 633 F.2d at 84. The first requirement for Rule 803(4) has not been satisfied. Stull, 906 F.2d at 1274 ("In the absence of any evidence attributing the statement to [plaintiff], the district court acted well within its

7

discretion in excluding the hospital record."). Because the first element has not been satisfied, there is no need to address the second element that concerns itself with the doctor's reliance on the statement. Thus, Rule 803(4) does not allow for the admission of the statement at issue in Exhibit 2.

### C. Rule 803(6)

With regard to Rule 803(6), the statement does not fall entirely within Rule 803(6). Exhibit 2 shows that the statement about plaintiffs' speed and condition at the scene was premised on another "report." Which "report" Exhibit 2 refers to is not entirely clear. But the statement, "they hit it at about 35-45 miles an hour" includes the same range of speed as was indicated in Exhibit 3, "35-45 mph." The other two reports marked as Exhibit 1 and Exhibit 4 do not contain that range. See Ex. 1 (using the phrase "35-40 mph"); Ex. 2 (using the phrase "approximately 45 mph"). This court therefore concludes that Exhibit 2's statement is based on the ambulance report, marked as Exhibit 3, which included a statement of unknown origin.

Exhibit 2's statement about plaintiffs' speed is untrustworthy because it relies on a previous untrustworthy statement about plaintiffs' speed. The fact another declarant later relied on a statement that was already untrustworthy does not make the statement admissible under Rule 803(6).

See Fed. R. Evid. 803(6) advisory committee's notes ("If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail."). The authors of the reports in Exhibit 3 and Exhibit 2 may have been acting in the regular course of business. But the original source of the information that is found in Exhibit 3, which Exhibit 2 relies on, is not known and is therefore untrustworthy. See Scheerer, 92 F.3d at 706; Meder, 637 F.2d at 1187. The statement in Exhibit 2 does not fall within Rule 803(6) because its source, the statement in Exhibit 3, does not fall within Rule 803(6).

Because the statement in Exhibit 2 is hearsay and does not fall within any exception to the hearsay rule, plaintiffs' motion for excluding Exhibit 2's statement, "35-45 miles an hour," is granted.

**3.    That the statement pertaining to plaintiffs' speed in Exhibit 4, the Transfer Report for plaintiff Deana Kay, be excluded.**

The same arguments discussed above with regard to Exhibit 3 and Exhibit 2 were presented by both plaintiffs and defendants about Exhibit 4's statement. Exhibit 4 is the ER/transfer report of Deana Kay for Sturgis Regional Hospital. In the section entitled "Subjective," the report states, "[t]he patient is a 39-year-old female who came into the emergency room by

9

ambulance. She was the passenger on a motorcycle that was going approximately 45 mph when it swerved to avoid running into a semi."

### A. Rule 613 and Rule 801(d)(2)(A)

The statement found in Exhibit 4 does not fall within Rule 613 or Rule 801(d)(2)(A) for the same reasons stated above: defendants have not demonstrated, or argued, that either of plaintiffs made the statement found in Exhibit 4. Thus, for the statement to be admissible, either Rule 803(4) or Rule 803(6) must apply.

### B. Rule 803(4)

With regard Rule 803(4), the same two-step analysis discussed above applies. Iron Shell, 633 F.2d at 84. Exhibit 4's statement is not attributable to the plaintiff for whom the record was made.

As the Sixth Circuit Court of Appeals stated, "the hearsay exception set forth in Fed. R. Evid. 803(4) applies only to statements made by the one actually seeking or receiving medical treatment." Field v. Trigg County Hosp., 386 F.3d 729, 736 (6th Cir. 2004); see also Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 564 (7th Cir. 1996) ("Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient."). Rule 803(4) does not apply because there is no evidence showing that plaintiff Deana Kay made the statement to her doctor. Stull, 906 F.2d at

1274 ("In the absence of any evidence attributing the statement to [plaintiff], the district court acted well within its discretion in excluding the hospital record.").

There is no need to address the second element, which concerns itself with the doctor's reliance on the statement, because the first element has not been satisfied. Rule 803(4) does not allow for admission of Exhibit 4's statement.

**C.     Rule 803(6)**

Defendants are partially correct in arguing that Exhibit 4 falls within Rule 803(6). While Rule 803(6) requires that the record be made by a "person with knowledge," this phrase "is not intended to imply that the party seeking to introduce the memorandum . . . must be able to produce, or even identify, the specific individual upon whose first-hand knowledge the memorandum . . . was based." Fed. R. Evid. 803(6) advisory committee's notes.   Having shown that Exhibit 4 initially falls within Rule 803(6), the statements contained within the record are to be admitted unless "the party opposing the admission . . . establish[es] sufficient indicia of untrustworthiness." Shelton, 277 F.3d at 1010.

Plaintiffs have met that burden by demonstrating that the source of the statement is unknown. Meder, 637 F.2d at 1187 (stating that where "there is a lack of evidence of the source of the testimony, it is inherently

untrustworthy and must be kept out"); Scheerer, 92 F.3d at 706 ("In the absence of any evidence about the source of that information, we cannot test its reliability or trustworthiness."). None of the rationales supporting the existence of Rule 803(6) are present with regard to the statement found in Exhibit 4. See Fed. R. Evid. 803(6) advisory committee's notes ("If, however, the supplier of the information does not act in the regular course, an essential link is broken[.]"). Plaintiffs have therefore shown that the statement relating to plaintiffs' speed in Exhibit 4 is untrustworthy because there is no evidence as to the source of the statement.

Because the statement in Exhibit 4 is hearsay and does not fall within any exception to the hearsay rule, plaintiffs' motion for excluding Exhibit 4's statement, "that was going approximately 45 mph," is granted.

**4.     That the statement pertaining to plaintiffs' speed in Exhibit 1, the Transfer Report for plaintiff Richard Kay, be excluded.**

Plaintiffs and defendants make the same arguments regarding the admissibility of certain statements contained within Exhibit 1 as each made regarding Exhibits 2-4. Exhibit 1 is the ER/transfer report of Richard Kay of Sturgis Regional Hospital. In the subjective section, the report states, "[t]he patient is a 42-year-old male who was involved in a motorcycle accident. He was driver of the motorcycle, wasn't wearing a helmet. States he was going about 35-40 mph, a semi pulled out in front of them."

12

### A. The Initial Statement

#### i. Rule 801(d)(2)(A)

The medical record attributes the statement, "he was going 35-40 mph," to Richard Kay. Richard Kay's statement is not appropriately considered hearsay because admissions by a party opponent are explicitly excluded from the definition of hearsay. See Fed. R. Evid. 801(d)(2)(A). Because the statement is not hearsay, there is no requirement for trustworthiness that is otherwise associated with the exceptions to the hearsay rule. See Fed. R. Evid. 801(d)(2) advisory committee's notes ("No guarantee of trustworthiness is required in the case of an admission.").

#### ii. Rule 803(4)

In the alternative, Richard Kay's statement also falls within the exception set out in Rule 803(4). A two-step analysis is required for purposes of determining whether the statement falls within Rule 803(4). Roberts, 664 F.2d at 204. First, it must be shown that the "declarant's motive in making the statements [was] consistent with a desire to promote treatment." Id. Second, it must be shown that it was "reasonable for the physician to rely on the information in his diagnosis or treatment." Id. Both of these elements are present with regard to the statement made by Richard Kay.

As opposed to Exhibits 2-4 addressed previously, this statement satisfies the first requirement, which concerns itself with the "declarant's motive." This is because the original declarant appears to have been the person who was seeking medical treatment: plaintiff Richard Kay. As noted in Field, Rule 803(4) may apply where the statement was initially made by the "one actually seeking medical treatment or care." 386 F.3d at 735. The first requirement for Rule 803(4) is satisfied because the initial statement was made by Richard Kay, and Richard Kay had a motive to tell the truth because he wanted to receive the proper treatment.

The second requirement for the application of Rule 803(4) is that the statement be of the nature that it would be "reasonable for the physician to rely on the information in his diagnosis or treatment." Roberts, 664 F.2d at 204. Statements describing who was at fault are generally not related to the nature of an injury. See Fed. R. Evid. advisory committee's notes. But the statement in Exhibit 1 does not describe who was at fault. Rather, it relates to the extent of the injuries that Richard Kay might have sustained and how the injury occurred. See United States v. Gabe, 237 F.3d 954, 957-58 (8th Cir. 2001) ("[A] patient's statement describing how an injury occurred is pertinent to a physician's diagnosis and treatment.").

A statement describing the circumstances relevant for ascertaining the extent of the injuries would be reasonably relied upon by a doctor. Id.

14

It stands to reason that the severity of an injury is likely to be greater in a high speed impact than in a low speed impact. Thus, the rate of speed is related to the severity of an individual's injury, and the second requirement for Rule 803(4) is satisfied. As a result, plaintiff Richard Kay's statement is admissible as an exception to the hearsay rule pursuant to Rule 803(4).

### B. Recorded Statement in Exhibit 1

Here, the court needs to determine whether the medical record itself is admissible. Defendants correctly contend that medical records may fall within Rule 803(6). See Fed. R. Evid. 803(6) ("The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."). But in order for Rule 803(6) to fully apply, the source of the initial statement must be acting pursuant to the business routine. See Fed. R. Evid. 803(6) advisory committee's notes ("If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail."). Dr. Michael Preys, who recorded the information in the medical record, was acting pursuant to his regularly conducted activity when he made the medical record, but the initial declarant, Richard Kay, would not have been acting pursuant to any regularly conducted activity.

While the recording of the statement falls within Rule 803(6), that rule, by itself, does not allow for the statement found in Exhibit 1 to be admissible. This is because the source of the initial statement was not acting pursuant to a regular business activity. This situation is known as hearsay within hearsay, and both levels of hearsay must be satisfied in order for the statement to be admissible. See Fed. R. Evid. 805.

Business records are routinely associated with what is commonly known as double hearsay, or hearsay within hearsay. The statements are admissible only when both the original statement and the subsequent recording of the statement fall within an exception to the hearsay rule. Fed. R. Evid. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."). If the statement by "one not acting in the regular course of business, is not hearsay, is defined as not hearsay or meets the requirements of a hearsay exception, and if the person recording the information is under a duty to do so, the statement, if it meets the other requirements of Rule 803(6), is admissible under Rule 805." (Footnote omitted). 30B Michael H. Graham, Federal Practice and Procedure § 7047, pp. 538-41 (Interim Edition).

As previously discussed, Richard Kay's statement is admissible under both Rules 801(d)(2)(A) and 803(4), and Dr. Preys was under a business

duty to record a statement of the kind recorded. Therefore, the medical record is admissible pursuant to Rule 805.

### C. Rule 403

Plaintiffs argue in the alternative that the statement in Exhibit 1 should be excluded on the basis of Rule 403. Under Rule 403, evidence is to be excluded when its "probative value is substantially outweighed by the danger of unfair prejudice." The statement in Exhibit 1 is probative with regard to the circumstances surrounding the accident at issue. The speed at which plaintiffs were traveling at the time of the accident is highly probative. It relates to defendants' affirmative defenses, the counterclaim against plaintiff Richard Kay, and the extent of plaintiffs' injuries.

Plaintiffs will not be unfairly prejudiced by the admission of the statement in Exhibit 1. Plaintiffs' attorney will be able to cross examine the original declarant, Richard Kay, as to whether or not he made such statements and argue to the jury about the credibility that the statement ought to be given. Any prejudice that may exist is not unfairly prejudicial, and it does not substantially outweigh the evidence's probative value.

Based on the foregoing, it is hereby

ORDERED that plaintiffs' motion in limine to exclude statements pertaining to plaintiffs' speed is granted as to Exhibit 2, Exhibit 3, and

Exhibit 4, and plaintiffs' motion in limine to exclude statements pertaining to plaintiffs' speed is denied as to Exhibit 1.

Dated August 21, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE