UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RICHARD W. KAY and <br> DEANA D. KAY, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> LAMAR ADVERTISING OF SOUTH <br> DAKOTA, INC., a South Dakota <br> corporation, and <br> CODY P. BURTON, <br><br> Defendants/ <br> Counter-claimants, <br><br> vs. <br><br> RICHARD W. KAY, <br><br> Counter-defendant. | CIV. 07-5091-KES <br><br><br><br><br><br> ORDER DENYING PLAINTIFF <br> RICHARD KAY'S MOTION FOR <br> SUMMARY JUDGMENT |

Plaintiff and counter-defendant Richard Kay (Kay) moves for summary judgment with regard to defendants' affirmative defense of contributory negligence (Docket 89) and negligence counterclaim (Docket 85). Defendants, Lamar Advertising of South Dakota and Cody Burton, oppose these motions. Kay joins his motion for summary judgment on defendants' affirmative defenses to his prior motion for summary judgment with regard to defendants' counterclaim. The court will simultaneously address both of these motions for summary judgment because Kay's argument is the same

for both motions, and the court's reasoning applies to each motion. The motions for summary judgment are denied.

## BACKGROUND

Viewing the evidence in the light most favorable to defendants as the nonmoving parties, the relevant evidence is as follows: On July 19, 2006, plaintiffs, Richard and Deana Kay, were involved in a motorcycle accident at an intersection near Sturgis, South Dakota. Plaintiffs were riding a motorcycle that was driven by Richard Kay. The motorcycle collided with a boom truck owned by defendant, Lamar Advertising, and driven by defendant Cody Burton, an employee of Lamar Advertising. Defendants' truck pulled out from a stop sign in front of plaintiffs' motorcycle.

Plaintiffs brought suit against defendants claiming defendants' truck was negligently operated in such a manner that caused plaintiffs' injuries. Defendants deny any negligence on their behalf. Defendants also assert several affirmative defenses and a counterclaim against plaintiff Richard Kay on the basis that Kay operated the motorcycle in a negligent manner. Specifically, defendants allege Kay was speeding prior to the accident and failed to apply the brakes in a proper manner.

**DISCUSSION**

**A.     Standard for Granting Summary Judgment**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is initially placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Id.; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)).

Once the moving party has met its initial burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading[.]" Fed. R. Civ. P. 56(e)(2).  Rather, the nonmoving party must, "by affidavits or as otherwise provided in this rule[,] set out specific facts showing a genuine issue for trial."  Id.  For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962)).

In determining whether a genuine issue for trial exists, the court applies the standard and burden associated with the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]").  South Dakota substantive law applies to the affirmative defense of contributory negligence[1] and the negligence counterclaim[2] because this case is before the court on the basis of diversity.  Hammonds v. Hartford Fire Ins. Co., 501 F.3d 991, 996 n.6 (8th Cir. 2007) ("We apply South Dakota substantive law because this diversity action was brought in the District of South Dakota, and the district court sitting in diversity applies the substantive law of the state in which it is located." (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

**B.      Whether Summary Judgment is Appropriate**

Kay argues that summary judgment is appropriate because there is no evidence to support the affirmative defense or counterclaim of negligence.

---

[1] "South Dakota law does not allow a plaintiff to recover if his or her own negligence is more than slight when compared to the defendant's negligence." Good Low v. United States, 428 F.3d 1126, 1128 (8th Cir. 2005).

[2] Defendants assert the negligence counterclaim against Richard Kay for purposes of obtaining indemnification or contribution from him in the event Deana Kay, the passenger on the motorcycle, recovers from defendants.  See Second Am. Answer and Countercl., Docket 31, at 3, ¶5-6.

Defendants argue that there is a material issue with regard to the motorcycle's speed and whether Kay was otherwise negligent in operating the motorcycle.

The court finds that there is a material question of fact with regard to whether the motorcycle was exceeding the speed limit during the moments leading up to the accident.[3] This question of fact creates a material issue that must be decided by the jury. See Carpenter v. City of Belle Fourche, 609 N.W.2d 751, 758 (S.D. 2000). As explained below, this material issue is sufficient to defeat Kay's motion for summary judgment.[4]

First, there is evidence that Kay applied at least one brake for 63.5 feet because there was a 63.5 foot skid mark. Dep. of Trooper Michael Hansen, Docket 112, Ex. 3 (Dep. Tr.) at 13. Jack Burns, a witness of the accident, stated in his deposition that the motorcycle was going "30 to 35" miles per hour at the moment the "motorcycle struck the [defendants'] truck[.]" Dep. of Jack Burns, Docket 112, Ex. 8 (Dep. Tr.) at 14; see also id. at 27 (stating the motorcycle was going "[t]hirty, thirty-five miles an hour" in response to question about the speed of the motorcycle "at the time [it] struck the truck"). The jury could reasonably infer that the motorcycle was

---

[3] The speed limit on the road in question was 35 miles per hour. Dep. of Trooper Michael Hansen, Docket 112, Ex. 3 (Dep. Tr.) at 15.

[4] The issue of whether Kay was speeding is sufficient for purposes of defeating the motion for summary judgment. Thus, the court does not reach the issue of whether there are sufficient facts to create a material issue with regard to whether Kay was otherwise negligent in operating the motorcycle.

traveling over the 35 miles per hour speed limit if it finds that the motorcycle was still traveling at 30 to 35 miles per hour after a brake was applied for 63.5 feet.

Second, defendants' expert, Brad Booth, states in his report that "[i]t is more probable than not Mr. Kay was speeding prior to applying the brakes and skidding the motorcycle in an attempt to avoid the impact." July 2008 Report, Docket 112, Ex. 15 at 8. Mr. Booth reasons that the "only way the motorcycle would not have stopped in less than 63 feet 6 inches with proper braking is if the speed of the motorcycle was more than 35 MPH." Id. This evidence, along with Mr. Burns's statement in conjunction with the length of the skid mark, is sufficient for creating a question of fact about the motorcycle's speed that must be decided by the jury.

The motorcycle's speed prior to the accident is a material issue that pertains to whether Kay was negligent. Carpenter, 609 N.W.2d at 758 ("[S]peeding through an intersection has been held to be contributory negligence more than slight." (citing Grosz v. Groth, 102 N.W.2d 834, 836 (S.D. 1960)). As explained above, the jury could determine that Kay was speeding. The jury could then reasonably find in favor of defendants with regard to the affirmative defense of contributory negligence or the negligence counterclaim. See id. Whether Kay was speeding is a material issue, and its existence prevents the court from granting summary judgment. See id.

at 759 ("In most circumstances, the question of contributory negligence for those entering a preferential highway protected by a stop sign remains for the trier of fact.").

Based on the foregoing, it is hereby

ORDERED that plaintiff and counter-defendant Richard Kay's motions for summary judgment as to defendants' affirmative defense of contributory negligence (Docket 89) and negligence counterclaim (Docket 85) are denied.

Dated August 21, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE