UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RICHARD W. KAY and <br> DEANA D. KAY, husband and wife, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> LAMAR ADVERTISING OF SOUTH <br> DAKOTA, INC., a South Dakota <br> corporation, and <br> CODY P. BURTON, <br> <br> Defendants/ <br> Counter-claimants, <br> <br> vs. <br> <br> RICHARD W. KAY, <br> <br> Counter-defendant. | CIV. 07-5091-KES <br> <br> <br> <br> <br> <br> ORDER DENYING DEFENDANTS' <br> OBJECTION TO ORDER <br> GRANTING PLAINTIFFS' MOTION <br> TO COMPEL RESPONSE TO <br> REQUESTS FOR ADMISSION |

Defendants, Lamar Advertising of South Dakota and Cody Burton, object to Magistrate Judge Duffy's order granting plaintiffs' motion to compel response to requests for admission. Plaintiffs oppose the motion. Defendants' objections are denied.

The background does not need to be set out because Magistrate Judge Duffy's order fully and accurately describes the relevant factual and procedural background. See Order Granting Plaintiffs' Motion to Compel, Docket 78, at 1-3. The court will first address plaintiffs' motion to strike defendants' objections on the basis of untimeliness. Then the court will

review the merits of defendants' objection pursuant to the standard set out in 28 U.S.C. § 636(b)(1)(A).

**DISCUSSION**

**I.    Plaintiffs' Motion to Strike Defendants' Objections on the Basis of Untimeliness**

Plaintiffs argue that defendants' objections were filed after the ten-day deadline set out in the magistrate's order. The order states that "[t]he parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained." The order was filed on December 12, 2008, and defendants filed their objections on December 30, 2008.

Rule 6(a) of the Federal Rules of Civil Procedure sets out the procedure for computing time. When computing time, "the day of the act, event, or default that begins the period" is to be excluded. Fed. R. Civ. P. 6(a)(1). "[I]ntermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days" are to be excluded as well. Fed. R. Civ. P. 6(a)(2). A "legal holiday" includes Christmas Day and "any other day declared a holiday by the President, Congress, or the state where the district court is located." Fed. R. Civ. P. 6(a)(4). And three days are added for service after the time period would otherwise expire. Fed. R. Civ. P. 6(d).

Under Rule 6(a)(1), the day the court order was filed, December 12, is excluded. December 12, 2008, fell on a Friday. Thus, the start date for the ten-day period was Monday, December 15. Christmas Day fell on a

2

Thursday, and December 26, 2008, was declared a holiday by the President. Thus, ten days from December 15, excluding weekends and December 25 and 26, is December 30. Furthermore, defendants would also be entitled to three additional days for service. Defendants filed their objections on December 30, 2008. This is within the ten-day period. Plaintiffs' motion to strike on the basis of timeliness is therefore denied.

## II.  Defendants' Objections to Magistrate Judge Duffy's Order Granting Plaintiffs' Motion to Compel

Defendants argue that Magistrate Judge Duffy inappropriately relied on incorrect facts and evidence and failed to consider additional facts in arriving at her conclusion. The court's order was based on defendants' failure to comply with Rule 36(a)(4),[1] and its reasoning is summed up succinctly where the order stated,

> Rule 36(a)(4) requires the responding party, before it gives the answer "I don't know," to state that it has made reasonable inquiry to attempt to find out the answer to the request to admit and that it still cannot admit or deny the question after having

---

[1] Rule 36(a)(4) reads as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

3

sought information readily available to it. Defendants have not
complied with this directive from Rule 36(a)(4).

See Order Granting Plaintiffs' Motion to Compel, Docket 78, at 12. The order then "direct[ed] the defendants to make a reasonable effort to consult information readily available to them which would enable defendants to either admit or deny the Kays' requests." Id. at 14.

> If, after making such inquiry, defendants still cannot admit or deny a request, then defendants must: (1) describe with particularity what steps they took to attempt to obtain the information which would enable them to admit or deny, (2) describe what information they obtained after taking these reasonable steps, and (3) state why the information readily available to defendants did not enlighten them such that they could either admit or deny the requests.

Id. at 14-15. Then, "[i]f defendants are able to in good faith admit part of a request, they must do so and then explain why they are unable to admit the remainder of the request." Id. at 15.

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may reconsider any non-dispositive pretrial matter referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The court will apply this standard to each of the three sections within the order.

**A. Section B, entitled "Requests to Admit Plaintiffs' Injuries**"

Defendants argue that plaintiffs did not provide defendants with sufficient information so they could either admit or deny the requests pertaining to whether plaintiffs sustained certain injuries as a result of the

4

accident. Specifically, defendants argue that the magistrate judge incorrectly assumed that plaintiffs identified where within plaintiffs' extensive medical records each diagnosis was documented.

Whether plaintiffs specifically told defendants where to look is irrelevant. Defendants had the documents and information in their possession. Defendants were under an obligation to make a reasonable inquiry into those documents, as well as other available sources of information, so they could comply with Rule 36(a)(4). Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co., 812 F. Supp. 966, 987 (D. Neb. 1993) ("Rule 36(a) requires a party answering a request for admission to ascertain the truth if the ability to do so is 'reasonably within his power.'" (quoting 8 C. Wright and A. Miller, Federal Practice and Procedure § 2261, at 731-32 (1970)) aff'd in part and remanded on other grounds, 19 F.3d 431 (8th Cir. 1994).

The court does not agree with defendants' argument that the order "suggests that there is an affirmative obligation by defense counsel to determine whether the medical opinions are correct." Rather, the order directs that defendants should comply with the requirements of Rule 36(a)(4), namely, that "the answer must . . . state in detail why the answering party cannot truthfully admit or deny it" after the party "has made reasonable inquiry." Compare Order Granting Plaintiffs' Motion to Compel, Docket 78, at 14 (directing defendants to "describe with particularity what steps they took" and "to make a reasonable effort to consult information

5

readily available to them which would enable defendants to either admit or deny the Kays' requests"). Neither does the court accept defendants' argument that they were not obligated to satisfy the requirements in Rule 36(a)(4) because they did not consult, retain, or depose experts that would have assisted in their response to plaintiffs' requests for admission. Thus, the court finds that Section B of the order is not clearly erroneous or contrary to law.

### B. Section C, entitled "Requests to Admit the Fact of Plaintiffs' Medical Expenses"

Defendants' argument with regard to Section C is similar to the argument above. Defendants contend that the magistrate judge incorrectly assumed that plaintiffs provided defendants with affidavits detailing the medical expenses when in fact plaintiffs only provided summaries of the medical expenses with billing information attached. Whether affidavits were included is not relevant. Defendants were obligated to make reasonable inquiry into the billing documents, as well as other available services of information, and ascertain the truth if able. See Johnson, 812 F. Supp. at 987.

The court will address in further detail one additional aspect of defendants' argument with regard to the requests to admit that deal with plaintiffs' medical expenses. Defendants argue that they specifically requested documents from plaintiffs that would have established plaintiffs' medical expenses, but the documents were never delivered to defendants.

Here, defendants argue that the order granting plaintiffs' motion to compel erroneously assumed that plaintiffs had in fact received the documents.

The magistrate judge's order did not rely on whether or not defendants had received the documents from plaintiffs. In fact, the order specifically recognized that "defendants have not been given all of plaintiffs' medical billing records." See Order Granting Plaintiffs' Motion to Compel, Docket 78, at 15. Rather, the magistrate judge found that "defendants could partially admit that portion of requests . . . covered by the medical bills defendants **do** have." Id. The order's requirement that defendants "partially admit" the portions of the requests for admission "that they are able to verify with records currently in their possession" is consistent with Rule 36(a)(4)'s requirement that "when good faith requires," plaintiffs must "qualify an answer or deny only a part of a matter." Thus, the court finds that Section C of the order is not clearly erroneous or contrary to law.

### C. Section D, entitled "Requests to Admit Causation of Medical Expenses, and the Reasonableness and Necessity of Plaintiff's Medical Expenses"

Finally, with regard to Section D of the order, defendants' arguments are similar to the other sections. The order states the same requirements found in Rule 36(a)(4) for the same reasons set forth in the other sections. This court's reasoning and conclusions regarding Sections B and C apply to defendants' arguments pertaining to Section D. Thus, the court finds that Section D of the order is not clearly erroneous or contrary to law.

Defendants again contend that they were not provided with affidavits signed by plaintiffs verifying that the expenses were reasonably and necessarily incurred by them due to their injuries sustained in the accident. Defendants argue that without plaintiffs' verification, they cannot admit or deny that the expenses were reasonable or necessary as a result of the accident. As discussed above, the fact that defendants were not given additional information from plaintiffs does not relieve them of their obligations under Rule 36(a)(4). See Johnson Int'l Co., 19 F.3d at 439 n.9. Defendants need to make their own assessment of whether the medical expenses are reasonable or necessary as a result of the accident independent of plaintiffs' assertions.

The order requires defendants to "either admit or deny the requests, admit partially, or, *in the alternative, provide the three-part information referenced above regarding their attempts to consult information reasonably available to them in order to formulate an admission or denial and why they are still unable to admit or deny, even partially*." See Order Granting Plaintiffs' Motion to Compel, Docket 78, at 17 (emphasis added). As discussed above, these requirements as set out in the order are in accordance with the requirements found in Rule 36(a)(4).

Accordingly, it is hereby

ORDERED that plaintiffs' motion to strike defendants' objection to the order granting plaintiffs' motion to compel on the basis of untimeliness (Docket 83) is denied.

IT IS FURTHER ORDERED that defendants' objections to the order granting plaintiffs' motion to compel (Docket 81) is denied. Defendants shall serve amended responses to all of plaintiffs' requests to admit within 20 days of this order and such responses shall conform to Fed. R. Civ. P. 36(4).

Dated September 1, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE