UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| LAMAR ADVERTISING OF SOUTH DAKOTA, INC., a South Dakota corporation; and CODY P. BURTON, | ) ) ) ) ) | CIV. 07-5091-KES |
| Plaintiffs, | ) ) ) | ORDER GRANTING MOTION TO VACATE NOTICES OF DEPOSITION AND |
| vs. | ) ) | CONTINUING TRIAL DATE |
| RICHARD W. KAY | ) ) | |
| Defendant. | ) | |

Defendant, Richard W. Kay, moves to vacate plaintiffs' notices of deposition. Plaintiffs, Lamar Advertising and Cody Burton, oppose the motion.

On January 27, 2010, plaintiffs filed a notice of deposition for Deana Kay and Eric Neiman. The depositions are scheduled to occur on February 9, 2010, in Portland, Oregon. The trial is scheduled to commence on February 17, 2010. The discovery deadline was December 5, 2008. (Docket 50.) Plaintiffs have not obtained a court order extending the discovery deadline.[1]

When a scheduling order pursuant to Rule 16(b) "is in force, a party may not notice a deposition to occur after the cutoff unless granted leave of

---

[1] Kay previously requested a continuance of the trial date because he needed to conduct additional discovery due to the settlement of his wife's case against Lamar and Burton. In Lamar and Burton's opposition to the motion for a continuance, their attorney stated in an affidavit that "[Lamar and Burton] have no plans, nor see the necessity of taking any further depositions of fact witnesses, as their testimony has already been preserved through prior depositions in this action." (Docket 134-2, p. 2). The court granted Kay's motion and granted a three-month continuance of the trial date.

court pursuant to Rule 29." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2111 (2d ed. 1994). Rule 29 states:

> Unless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified–in which event it may be used in the same way as any other deposition; and (b) other procedures governing or limiting discovery be modified–but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial.

Fed. R. Civ. P. 29 (emphasis added). Kay has not stipulated to these depositions that are scheduled to occur beyond the discovery deadline. And plaintiffs have not obtained leave of court to conduct these depositions.

Furthermore, plaintiffs' counsel has failed to confer with Kay's counsel prior to scheduling these depositions. "[A]s a matter of professional courtesy, and as a means to avoid future scheduling conflicts[,]" counsel should consult with opposing counsel and the deponent when scheduling a deposition. See Seabrook Med. Sys. Inc. v. Baxter Healthcare, 164 F.R.D. 232, 233 (S.D. Ohio 1995). Thus, pursuant to Rule 26(c), the court hereby orders that the notices of depositions are vacated.

Next, the court will address Kay's prior motion for a continuance. Kay made a second motion for a continuance on January 19, 2010, arguing in part that Lamar and Burton had not fully responded to his discovery requests. In denying the motion for continuance, the court relied on Lamar and Burton's representation that they had fully responded to the discovery requests. Kay

2

has now made a motion to compel responses to the discovery requests. Lamar and Burton contend that the motion to compel is premature, because Kay granted them until February 1, 2010, to supplement their responses. Additionally, Lamar and Burton are seeking to depose two witnesses. In addition to this discovery dispute, on January 22, 2010, Kay moved for summary judgment. Lamar and Burton have not responded to the motion. After they do respond, Kay will have 14 days to file a reply. Thus, the court is left with very little, if any, time to rule on the summary judgment motion prior to commencement of the trial. Because of the new information that has come to the court's attention, the court sua sponte has reconsidered Kay's motion for a continuance of the trial date and grants the motion. The pretrial conference will be held this Friday as scheduled and the parties should be prepared during that hearing to discuss a new trial date.

Therefore, it is hereby

ORDERED that Kay's motion to vacate the notices of depositions for Deana Kay and Eric Neiman (Docket 170) is granted.

IT IS FURTHER ORDERED that Kay's motion for a continuance of the trial date is granted.

Dated February 2, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE